

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# DALLAS DIVISION

ADERONKE OYEKUNLE,

Plaintiff,

v.

BLUECROSS BLUESHIELD OF TENNESSEE,

Defendant.

Civil Action No.: _____

3-25CV2597-S

# COMPLAINT

Plaintiff, Aderonke Oyekunle ("Plaintiff"), for her Complaint against BlueCross BlueShield of Tennessee ("Defendant" or "BCBST"), alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.



3. Venue is proper in the Northern District of Texas, Dallas Division, under 42 U.S.C. §2000e-5(f)(3) because Plaintiff worked remotely in Grand Prairie, Texas, and the unlawful employment practices were experienced in this District.

## II. PARTIES

4. Plaintiff Aderonke Oyekunle is an individual and resident of Grand Prairie, Texas. Plaintiff worked remotely for BCBST as a Software Engineer.

5. Defendant BlueCross BlueShield of Tennessee is a corporation headquartered in Chattanooga, Tennessee, and may be served through its registered agent for service of process.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC).

7. Plaintiff received her official EEOC Notice of Right to Sue on or about June 30, 2025, and this action is filed within ninety (90) days of receipt.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff was hired by BCBST as a Software Engineer, working remotely from Texas on projects involving finance and health insurance fraud, waste, and abuse in insurance claims.

9. Plaintiff faced race, religion, and national origin discrimination, throughout her employment, including mocking of her name, stereotypes about her race, and pressure to participate in personal and political conversations contrary to her religious principles as an Israelite (Jew).

10. Plaintiff's co-worker attempted to sabotage Aderonke's work by assigning tasks already completed. Aderonke knew the work was already completed due to the depth of knowledge in the field and knew how to research the system. Aderonke showed management the evidence of the misconduct by employees, but instead of addressing it head on the managers falsely claimed she could not build consensus.

11. When Plaintiff reported misconduct, management fabricated incidents and coerced other employees to undermine her.

12. Management and coworkers were deliberately abusive in meetings and spewed numerous religious epithets and racial stereotypes in hostile manners in meetings. These instances only increased as time went on especially when reported often in writing to management (including upper management an C-suite management).

13. Upper management admitted they sought to "protect the company" rather than investigate her complaints of discrimination. One of said upper management even found allegations to be true during an open and active instance but doubled down on needing to protect the company instead of reprimanding employees subordinate to her.

14. Plaintiff was coerced into paid administrative leave with false pretenses. When on leave she refused to sign coerced severance agreements or a false statement containing discriminatory language numerous times. Aderonke could not in good conscience sign a false statement and confessions. BCBST terminated her on August 2, 2024 because she would not take any of their actions to get her to sign these false statements.

15. Defendant's actions were carried out to protect a manager who openly admitted to racist conduct toward Plaintiff and to shield other employees who were often less experienced to

Case 1:26-cv-00012-CLC-CHS   Document 3   Filed 09/24/25   Page 3 of 8   PageID #: 31

Page 3 Roane Complaint Against BCBS

Aderonke and who also held the same discriminatory attitudes and therefore took discriminatory actions regularly towards Plaintiff. Defendant's coercive tactics and termination constituted unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

16. After termination, BCBST withheld wages, mishandled the equipment return, and pursued legal action against Plaintiff, compounding the retaliation.

17. Plaintiff has recordings, emails, and documents corroborating these events.

## V. CAUSES OF ACTION

Count I – Race Discrimination (Title VII & §1981)

18. Defendant discriminated against Plaintiff based on race, including derogatory statements, derogatory stereotypes, hostility when refused to engage in thoughts and opinions perceived by her race needing to have, disparate treatment, and termination.

Count II – Religious Discrimination (Title VII)

19. Defendant pressured Plaintiff into personal conversations contrary to her religious principles, failed to accommodate her faith, and used religion as a basis for adverse action.

Count III – National Origin Discrimination (Title VII)

20. Defendant mocked Plaintiff's name, tied it to her race and therefore connected it to the negative stereotypes of her race, and treated her differently based on her heritage and identity.

Count IV – Retaliation (Title VII & §1981)

21. Defendant retaliated against Plaintiff for reporting discrimination, isolating her, placing her on coerced administrative leave, coercing her to resign, and wrongfully terminating her.

Count V – Constructive Discharge / Wrongful Termination

22. Defendant's conduct created intolerable working conditions and directly led to Plaintiff's wrongful termination.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor and against Defendant;

B. Award compensatory damages, including back pay, lost wages, lost benefits, emotional distress, loss of pension eligibility, and loss of future career opportunities (including promotion);

C. Award punitive damages for Defendant's willful and malicious conduct;

D. Order injunctive relief, including policy changes to prevent further discrimination;

E. Reinstate Plaintiff to employment, or in the alternative, award front pay;

F. Award costs, interest, and reasonable attorneys' fees; and

G. Grant such other relief as the Court deems just and proper.

## VII. RESERVATION OF RIGHTS TO AMEND

Plaintiff expressly reserves the right to amend this Complaint as permitted by Federal Rule of Civil Procedure 15, including to add additional facts, claims, or parties as may become known during the course of litigation.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Sincerely,

*Ronke Oyekunle*

Aderonke Oyekunle
2007 Crosbyton Ln.
Grand Prairie, TX 75052
(502) 994-3571
ronke.lola@gmail.com

# CIVIL COVER SHEET

JS 44 (Rev. 04/21) (TXND 4/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Aderonke Oyekunle

### DEFENDANTS
BlueCross BlueShield of Tennessee (BCST)

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hamilton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aderonke Oyekunle, Pro Se, 2007 Crosbyton Ln, Grand Prairie, TX 75052, (502)994-3571

Attorneys *(If Known)*

RECEIVED SEP 24 2025 CLERK US DISTRICT NORTHERN DISTRICT

3-25CV2597-S

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
[X] 442 Employment

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e et seq. and Texas Labor Code Chapter 21

Brief description of cause:
Employment discrimination and retaliation based on race, religion, and national origin.

## VII. REQUESTED IN COMPLAINT:
DEMAND $ Exceeds $75,000
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: Clifton L. Corker and Judith E. Levy
DOCKET NUMBER: 1:22-cv-00118 and 2:22-cv-11195

DATE: September 24, 2025
SIGNATURE OF ATTORNEY OF RECORD: Bunke Oyekunle

FOR OFFICE USE ONLY

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.