**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| ADERONKE OYEKUNLE,<br>*Plaintiff*,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF TENNESSEE,<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-00012-CLC-CHS |

**REPORT AND RECOMMENDATION**

## I. Introduction

Plaintiff Aderonke Oyekunle, pro se, is proceeding in forma pauperis [Doc. 18]. This Court is responsible for screening all actions filed by plaintiffs proceeding in forma pauperis and for dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

## II. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); accord *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in its complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what

the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are required to state a claim. Id. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. Background

Plaintiff alleges employment discrimination and retaliation by Defendant based on her race, religion, and national origin. [Doc. 3]. Plaintiff received a Right to Sue letter from the EEOC "on or about June 30, 2025." [*Id.* at 2]. Plaintiff filed her Complaint on September 24, 2025. [Doc. 3]. Plaintiff claims she "faced race, religion, and national origin discrimination throughout her employment" because she is "an Israelite (Jew)." [*Id.* at 2].

## IV. Analysis

Plaintiff alleges in her complaint that she was subjected to religious epithets and racial stereotypes while employed by Defendant. [*Id.* at 3]. She also states that, after reporting such

incidents to management, no investigation was made. [*Id.*]. Instead, Plaintiff claims she was "coerced into paid administrative leave with false pretenses" and eventually terminated. [*Id.* at 3-4]. She even states that "[u]pper management admitted they sought to 'protect the company' rather than investigate her complaints of discrimination." [*Id.* at 3].

Based on these facts, Plaintiff alleges employment violations under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. [*Id.* at 1]. Plaintiff's factual allegations sufficiently put Defendant on notice of what her legal claims are and the grounds upon which they rest. Further, the Court finds that, under a liberal construction of Plaintiff's Complaint, her employment discrimination claims under § 1981 and Title VII are plausible.

## V. Conclusion

For the reasons stated herein, it is hereby **RECOMMENDED**[1] that Plaintiff's claims **SURVIVE SCREENING**.

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).